UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-cv-23391-COOKE/GOODMAN

ADT LLC; and The ADT Security Corporation,

 Plaintiffs.

  v.

Vivint Smart Home, Inc. f/k/a Mosaic Acquisition Corp.; and Legacy Vivint Smart Home, Inc. f/k/a Vivint Smart Home, Inc.,

 Defendants.

**PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS**

 Plaintiffs/Counterclaim Defendants ADT LLC and The ADT Security Corporation (collectively "ADT"), by and through undersigned counsel, and in response to the counterclaims of Defendants Vivint Smart Home, Inc., f/k/a Mosaic Acquisition Corp. and Legacy Vivint Smart Home, Inc., f/k/a Vivint Smart Home, Inc., and Vivint, Inc. (collectively "Vivint"), as set forth in Vivint's October 12, 2021 Answer, Affirmative Defenses and Counterclaims in Response to the Plaintiffs' Amended Complaint [ECF No. 76], hereby deny each and every allegation not expressly and specifically admitted here, and for its answer with defenses to the Counterclaims, states as follows:

**PARTIES**

 1. ADT admits the allegations set forth in Paragraph 1.

 2. ADT admits the allegations set forth in Paragraph 2.

 3. ADT admits the allegations set forth in Paragraph 3.

 4. ADT admits that Vivint began selling and installing alarm systems under the name APX Alarm Security Solutions in 1999 and that APX rebranded itself as "Vivint" in

4891-2904-4993

2011. Except as specifically admitted herein, the allegations of Paragraph 4 are denied for lack of knowledge.

    5.    ADT admits the allegations set forth in Paragraph 5.

    6.    ADT admits the allegations set forth in Paragraph 6.

## JURISDICTION AND VENUE

    7.    ADT admits the allegations set forth in Paragraph 7.

    8.    ADT denies the allegations set forth in Paragraph 8

    9.    ADT admits the allegations set forth in Paragraph 9.

    10.    ADT admits that it resides in this District and is subject to personal jurisdiction in this Court. As to the remaining allegations, ADT states that they are legal conclusions to which no response is required. To the extent a response is required, ADT denies the allegations.

## FACTUAL ALLEGATIONS

    11.    ADT admits that Vivint is the business of security system, automation, and smart home. ADT denies any remaining allegations set forth in Paragraph 11.

    12.    ADT denies the allegations set forth in Paragraph 12.

    13.    ADT denies the allegations set forth in Paragraph 13.

    14.    ADT denies the allegations set forth in Paragraph 14.

    15.    ADT is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 15 and therefore denies the same. Exhibit A speaks for itself. All other allegations of Paragraph 15 not specifically admitted herein are denied.

    16.    ADT denies the allegations set forth in Paragraph 16.

    17.    ADT admits that it is a business in the security systems, automation, and smart home markets. Further answering, ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 17.

    18.    ADT admits that independent authorized dealers may sometimes offer ADT's security, automation, and smart home services and equipment to customers on a door-to-door basis. ADT's denies Vivint's definition of "Sales Representatives" contained in Paragraph 18. ADT denies any remaining allegations set forth in Paragraph 18.

- 3 -

19. ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 19.

### ADT's Campaign to Harm Vivint's Reputation and Deceive Vivint's Customers

20. ADT denies the allegations set forth in Paragraph 20.
21. ADT denies the allegations set forth in Paragraph 21.
22. ADT denies the allegations set forth in Paragraph 22.

### Specific Instances of Misrepresentations by ADT to Vivint's Customers

23. ADT denies the allegations set forth in Paragraph 23.
24. ADT denies the allegations set forth in Paragraph 24.
25. ADT denies the allegations set forth in Paragraph 25.
26. ADT denies the allegations set forth in Paragraph 26.
27. ADT denies the allegations set forth in Paragraph 27.
28. ADT denies the allegations set forth in Paragraph 28.
29. ADT denies the allegations set forth in Paragraph 29, including all subparts (a)-(i).
30. ADT denies the allegations set forth in Paragraph 30.
31. ADT denies the allegations set forth in Paragraph 31.
32. ADT denies the allegations set forth in Paragraph 32, including all subparts (a)-(k).
33. ADT denies the allegations set forth in Paragraph 33.
34. ADT denies the allegations set forth in Paragraph 34.
35. ADT denies the allegations set forth in Paragraph 35.
36. ADT denies the allegations set forth in Paragraph 36 and Exhibit B.
37. ADT denies the allegations set forth in Paragraph 37.
38. ADT denies the allegations set forth in Paragraph 38.
39. ADT denies the allegations set forth in Paragraph 39.
40. ADT denies the allegations set forth in Paragraph 40.
41. ADT denies the allegations set forth in Paragraph 41.
42. ADT denies the allegations set forth in Paragraph 42.

4891-2904-4993

43. ADT denies the allegations set forth in Paragraph 43.
44. ADT denies the allegations set forth in Paragraph 44.
45. ADT denies the allegations set forth in Paragraph 45.
46. ADT denies the allegations set forth in Paragraph 46.
47. ADT denies the allegations set forth in Paragraph 47.
48. ADT denies the allegations in Paragraph 48 and Exhibit C.
49. ADT denies the allegations set forth in Paragraph 49.
50. ADT denies the allegations set forth in Paragraph 50.
51. ADT denies the allegations set forth in Paragraph 51.
52. ADT denies the allegations set forth in Paragraph 52.
53. ADT denies the allegations set forth in Paragraph 53.
54. ADT denies the allegations set forth in Paragraph 54.
55. ADT denies the allegations set forth in Paragraph 55.
56. ADT denies the allegations set forth in Paragraph 56.
57. In answering Paragraph 57, ADT states that its website speaks for itself, and the image depicted in Paragraph 57 speaks for itself. ADT denies any remaining allegations set forth in Paragraph 57.
58. ADT denies the allegations set forth in Paragraph 58.
59. ADT denies the allegations set forth in Paragraph 59.
60. ADT denies the allegations set forth in Paragraph 60.
61. ADT denies the allegations set forth in Paragraph 61.
62. ADT denies the allegations set forth in Paragraph 62.

## COUNT I
## UNFAIR COMPETITION IN VIOLATION
## OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

63. In response to the allegations set forth in Paragraph 63 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62, as if fully set forth herein.

64. ADT admits Vivint claims to own certain trademarks. ADT denies any remaining allegations set forth in Paragraph 64.

4891-2904-4993

65. ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 65.

66. ADT denies the allegations set forth in Paragraph 66.

67. ADT denies the allegations set forth in Paragraph 67.

68. ADT denies the allegations set forth in Paragraph 68.

69. ADT denies the allegations set forth in Paragraph 69.

## COUNT II
## VICARIOUS UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

70. In response to the allegations set forth in Paragraph 70 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 69, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

71. ADT admits Vivint claims to own certain trademarks. ADT denies any remaining allegations set forth in Paragraph 71.

72. ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 72.

73. ADT denies the allegations set forth in Paragraph 73.

74. ADT denies the allegations set forth in Paragraph 74.

75. ADT denies the allegations set forth in Paragraph 75.

76. ADT denies the allegations set forth in Paragraph 76.

77. ADT denies the allegations set forth in Paragraph 77 and Exhibit B.

78. ADT denies the allegations set forth in Paragraph 78.

79. ADT denies the allegations set forth in Paragraph 79.

80. ADT denies the allegations set forth in Paragraph 80.

81. ADT denies the allegations set forth in Paragraph 81.

## COUNT III
## CONTRIBUTORY UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

82. In response to the allegations set forth in Paragraph 82 of the Counterclaim,

ADT restates and incorporates by reference its answers to Paragraphs 1 through 69, as if fully set forth herein and without conceding the propriety of Vivint's incorporation.

83. ADT admits Vivint claims to own certain trademarks. ADT denies any remaining allegations set forth in Paragraph 83.

84. ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 84.

85. ADT denies the allegations set forth in Paragraph 85.

86. ADT denies the allegations set forth in Paragraph 86.

87. ADT denies the allegations set forth in Paragraph 87.

88. ADT denies the allegations set forth in Paragraph 88.

89. ADT denies the allegations set forth in Paragraph 89.

90. ADT denies the allegations set forth in Paragraph 90.

91. ADT denies the allegations set forth in Paragraph 91.

### COUNT IV
### INDUCED UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

92. In response to the allegations set forth in Paragraph 92 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 69, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

93. ADT admits Vivint claims to own certain trademarks. ADT denies any remaining allegations set forth in Paragraph 93.

94. ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 94.

95. ADT denies the allegations set forth in Paragraph 95.

96. ADT denies the allegations set forth in Paragraph 96.

97. ADT denies the allegations set forth in Paragraph 97.

98. ADT denies the allegations set forth in Paragraph 98.

99. ADT denies the allegations set forth in Paragraph 99.

100. ADT denies the allegations set forth in Paragraph 100.

4891-2904-4993

## COUNT V
## UNFAIR COMPETITION IN VIOLATION
## OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(B)

101. In response to the allegations set forth in Paragraph 101 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

102. ADT admits Vivint claims to own certain trademarks. ADT denies any remaining allegations set forth in Paragraph 102.

103. ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 103.

104. ADT denies the allegations set forth in Paragraph 104.

105. ADT denies the allegations set forth in Paragraph 105.

106. ADT denies the allegations set forth in Paragraph 106.

107. ADT denies the allegations set forth in Paragraph 107.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

108. In response to the allegations set forth in Paragraph 108 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

109. ADT admits that ADT and Vivint are direct competitors in the security systems, automation, and smart home markets. ADT denies any remaining allegations set forth in Paragraph 109.

110. ADT denies the allegations set forth in Paragraph 110.

111. ADT denies the allegations set forth in Paragraph 111.

## COUNT VII
## FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

112. In response to the allegations set forth in Paragraph 112 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

113. ADT admits Vivint claims to own certain trademarks. ADT denies any remaining allegations set forth in Paragraph 113.

114. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 and therefore denies the same.

115. ADT denies the allegations set forth in Paragraph 115.
116. ADT denies the allegations set forth in Paragraph 116.
117. ADT denies the allegations set forth in Paragraph 117.
118. ADT denies the allegations set forth in Paragraph 118.
119. ADT denies the allegations set forth in Paragraph 119.
120. ADT denies the allegations set forth in Paragraph 120.
121. ADT denies the allegations set forth in Paragraph 121.
122. ADT denies the allegations set forth in Paragraph 122.

## COUNT VIII
## CONTRIBUTORY INFRINGEMENT OF
## FEDERALLY REGISTERED TRADEMARK

123. In response to the allegations set forth in Paragraph 123 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62 and 112 through 122, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

124. ADT denies the allegations set forth in Paragraph 124
125. ADT denies the allegations set forth in Paragraph 125.
126. ADT denies the allegations set forth in Paragraph 126.
127. ADT denies the allegations set forth in Paragraph 127.
128. ADT denies the allegations set forth in Paragraph 128.
129. ADT denies the allegations set forth in Paragraph 129.
130. ADT denies the allegations set forth in Paragraph 130.
131. ADT denies the allegations set forth in Paragraph 131.

## COUNT IX
## VICARIOUS INFRINGEMENT OF
## FEDERALLY REGISTERED TRADEMARK

132. In response to the allegations set forth in Paragraph 132 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62 and 112 through 122, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

133. ADT denies the allegations set forth in Paragraph 133.

134. ADT denies the allegations set forth in Paragraph 134.

135. ADT denies the allegations set forth in Paragraph 135.

## COUNT X
## DEFAMATION *PER SE* UNDER FLORIDA LAW

136. In response to the allegations set forth in Paragraph 136 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62, as if fully set forth herein, and without conceding the propriety of Vivint's incorporation.

137. ADT denies the allegations set forth in Paragraph 137.

138. ADT denies the allegations set forth in Paragraph 138.

139. ADT denies the allegations set forth in Paragraph 139.

140. ADT denies the allegations set forth in Paragraph 140.

141. ADT denies the allegations set forth in Paragraph 141.

142. ADT denies the allegations set forth in Paragraph 142.

143. ADT denies the allegations set forth in Paragraph 143.

## COUNT XI
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS UNDER FLORIDA LAW

144. In response to the allegations set forth in Paragraph 144 of the Counterclaim, ADT restates and incorporates by reference its answers to Paragraphs 1 through 62, as if fully set forth herein.

145. ADT denies the allegations set forth in Paragraph 145 and Exhibit B.

146. ADT denies the allegations set forth in Paragraph 146.

147. ADT is without knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 147 and therefore denies the same.

148. ADT denies the allegations set forth in Paragraph 148.

149. ADT denies the allegations set forth in Paragraph 149.

150. ADT denies the allegations set forth in Paragraph 150.

151. ADT denies the allegations set forth in Paragraph 151.

152. ADT denies the allegations set forth in Paragraph 152.

### **DENIAL OF VIVINT'S PRAYER FOR RELIEF**

In response to the unnumbered "Wherefore" paragraph of the Counterclaim, including but not limited to Vivint's requested relief of damages, treble damages, disgorgement, punitive damages, attorneys' fees, costs, and pre-judgment interest, ADT denies any liability and denies that Vivint is entitled to any damages of any type, including any compensatory, special, or treble damages, disgorgement, equitable relief, or any other relief sought by Vivint. ADT specifically denies all prayers for relief and requests the Court grant judgment in its favor and against Vivint on all Counterclaims.

### **ADT'S AFFIRMATIVE AND OTHER DEFENSES**

ADT sets forth below its defenses and affirmative defenses to the Counterclaim. By setting forth these defenses, ADT does not assume the burden of providing any fact, issue, or element of a cause of action where such burden properly belongs to Vivint. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Vivint's allegations.

### **FIRST DEFENSE**

Due to Vivint's unlawful, unfair, and misleading conduct, Vivint's claims are barred, in whole or in part, by the doctrine of unclean hands.

### **SECOND DEFENSE**

Due to Vivint's unlawful, unfair, and misleading conduct, Vivint's claims are barred, in whole or in part, by the doctrine of waiver.

### **THIRD DEFENSE**

Due to Vivint's unlawful, unfair, and misleading conduct, Vivint's claims are barred, in whole or in part, by the doctrine of estoppel.

### **FOURTH DEFENSE**

Vivint's claims are barred, in whole in in part, by the applicable statute of limitations.

### **FIFTH DEFENSE**

Vivint's claims are barred, in whole in in part, by the doctrine of laches.

## SIXTH DEFENSE

Vivint's defamation claim and any other claims involving misleading or untrue statements are barred, in whole or in part, because any statements at issue are true.

## SEVENTH DEFENSE

Vivint's claims are barred, in whole or in part, because they are premised upon constitutionally protected speech.

## EIGHTH DEFENSE

Vivint's claims are barred, in whole or in part, to the extent they are based on unlawful conduct of any ADT employees and/or agents, because those ADT employees and/or agents were acting outside of their authority and the scope of their employment and/or agency.

## NINTH DEFENSE

Vivint's claims for damages are barred, in whole or in part, because any purported damages to Vivint were caused by Vivint's own conduct or conduct of other third parties not affiliated with Vivint.

## TENTH DEFENSE

Vivint's claims for damages are barred, in whole or in part, because of ADT's privilege as a competitor and because ADT is engaged in legitimate business competition with Vivint.

## ELEVENTH DEFENSE

Vivint's claims are barred, in whole or in part, by the doctrine of fair use, which permits ADT to make true statements regarding Vivint and its business in furtherance of competition.

## TWELFTH DEFENSE

Vivint's claims are barred, in whole or in part, by Vivint's failure to mitigate damages. Vivint made no good faith attempt to regain accounts allegedly captured by ADT.

## THIRTEENTH DEFENSE

To the extent Vivint's claims arise out of any alleged protection of any trademark or design mark with the USPTO, such claims are barred, in whole or in part, because said trademarks or design marks are not protected under the Lanham Act.

4891-2904-4993

### FOURTEENTH DEFENSE

Vivint's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTEENTH DEFENSE

Any of Vivint's claims based upon the existence of a contract with a customer are barred, in whole or in part, because the contract was induced by fraud.

### SIXTEENTH DEFENSE

Any of Vivint's claims based upon the existence of a contract with a customer are barred, in whole or in part, because the contract was induced by duress.

### SEVENTEENTH DEFENSE

Any of Vivint's claims based upon the existence of a contract with a customer are barred, in whole or in part, because the contract was unconscionable.

### EIGHTEENTH DEFENSE

Vivint's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### NINETEENTH DEFENSE

Vivint's claims are barred, in whole or in part, by their violations of the right-of cancellation requirements of 16 CFR § 429.1 and Fla. Admin. Code R. 2-18.002, which constitute *per se* unfair and deceptive trade practices Fla. Stat. § 501.204 and are therefore, not a lawful basis for damages.

### RESERVATION AND NON-WAIVER

ADT reserves the right in accordance with Rule 15 of the Federal Rules of Civil Procedure to amend its answer to assert additional defenses and affirmative defenses.

WHEREFORE, having fully answered Vivint's Counterclaim, ADT denies that Vivint is entitled to any of the relief requested, and prays that the Counterclaim be dismissed with prejudice with costs against Vivint, in addition to any other relief that the Court deems just and proper.

- 13 -

## JURY DEMAND

ADT hereby demands a jury trial as to all issues so triable on any of the parties' claims, counterclaims, crossclaims, and defenses in this matter.

Dated: November 2, 2021

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ *Jennifer A. McLoone*
Jennifer A. McLoone
Florida Bar No. 029234
jmcloone@shb.com
201 S. Biscayne Blvd., #3200
Miami, Florida 33131
Tel: (305) 358-5171
Fax: (305) 358-7470

-and-

Charles C. Eblen (*admitted pro hac vice*)
ceblen@shb.com
2555 Grand Blvd.
Kansas City, Missouri 64108
Tel: (816) 474-6550
Fax: (816) 421-5547

-and-

Eric J. Hobbs (*admitted pro hac vice*)
ehobbs@shb.com
1660 17th Street, Suite 450
Denver, Colorado 80202
Tel: (303) 285-5300
Fax: (303) 285-5301

*Counsel for Plaintiffs ADT LLC and
The ADT Security Corporation*