# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 1:20-cv- 23391-GOODMAN
### [CONSENT CASE]

ADT LLC and THE ADT
SECURITY CORPORATION,

      Plaintiffs,

v.

VIVINT SMART HOME, INC. f/k/a
Mosaic Acquisition Corp. and
LEGACY VIVINT SMART HOME, INC.
f/k/a Vivint Smart Home, Inc.,

      Defendants.

_____/

### ORDER SPECIALLY SETTING CIVIL JURY TRIAL
### AND PRETRIAL SCHEDULE AND REQUIRING MEDIATION

Trial is scheduled to commence on **Tuesday, May 30, 2023 at 9:30 AM**[1] before

Jonathan Goodman, United States Magistrate Judge, James Lawrence King Justice

---

[1]    This special set trial date is set to commence the Tuesday after the May 22, 2023 date the parties agreed to during the trial scheduling hearing. For reasons unclear to the Undersigned, our calendar had not (but should have) blocked off May 22-26, 2023 as the final week of an earlier special set full consent trial. Fortunately, the Undersigned is still able to start the trial in May and continue it through June 12, 2023. If this slightly modified date is unworkable for any party (or if any of the other deadlines are problematic), then that party's counsel should consult with other counsel and then file a motion by October 13, 2022. The motion should list several other suggested trial periods in June through September 2023.

Building, 99 NE 4th Street, 11th Floor, Miami, Florida. **The Court has reserved two (2) weeks for this trial.**

**IT IS ORDERED AND ADJUDGED** as follows:

l.      The pretrial conference is set for **Friday, May 12, 2023 at 10:00 AM.** Each party shall be represented at the pretrial conference and at the meeting required by Local Rule 16.1(d) by the attorney who will conduct the trial, except for good cause shown. Local Rule 16.1(c).

2.      Counsel must meet at least 15 days before the pretrial conference date to confer on the preparation of a pretrial stipulation.

3.      The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below in the timetable. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, **not to exceed one short paragraph per claim**, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4.      Proposed jury instructions and verdict form must be submitted at least ONE WEEK prior to the trial date. The parties shall submit a SINGLE JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Palatino Linotype 14 point typeface. Instructions and questions proposed only by Plaintiff to which Defendant(s) objects shall be *italicized*. Instructions and questions proposed only by Defendant(s) to which Plaintiff objects shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit Court of Appeals, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, together with a flash drive containing the draft saved in Microsoft Word format.

5.      All exhibits must be pre-marked. Plaintiff's exhibits shall be marked with the letter **"P"** as a prefix and Defendant's exhibits shall be marked with the letter **"D"** as a prefix. A typewritten exhibit list setting forth the number and description of each exhibit

must be submitted at the time of trial. The parties shall submit the exhibit list on Form AO 187, which is available from the Clerk's office.

6.      A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least 20 days prior to the date on which the trial is scheduled to commence. Any party moving for a continuance of the trial date **must include a signed acknowledgement from the client**, confirming the client's awareness of, and agreement to, the requested trial continuance. This acknowledgement may be in fax or email form and may either be on the signature page of the motion or on a separate acknowledgement form, as an attachment to the motion. If the movant is a corporation, then the person signing the acknowledgement must be an authorized representative who is familiar with the litigation. In addition, if the motion is agreed to, unopposed, or a joint motion, then this same written acknowledgement is required for all parties. The Court will be flexible about the format and the precise language used, as long as the acknowledgment unequivocally reflects that the client agrees to the requested trial continuance. If multiple parties are involved, then signed acknowledgements from all parties are required. A continuance of the trial date will be granted only on a showing of compelling circumstances.

7.      Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is

the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

8.     The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable.**

**Days prior to**
**Trial Date**

| | |
|---|---|
| Passed | Motions to join additional parties, amend pleadings, and certify class must be filed. |
| 12/30/2022 | **All fact discovery must be completed.** Per Local Rule 26.1(f), written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order. |
| | Counsel may, by agreement, conduct discovery after the expiration of the discovery deadline, but should not rely on the Court to resolve any discovery disputes arising after the discovery cutoff date. In addition, counsel should not seek to extend any deadline, including summary judgment-related deadlines, based on post-deadline discovery pursuant to this provision. |

| | |
|---|---|
| <u>Note:</u> | In the event that there are any unresolved discovery motions pending 15 days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| Passed | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses including <u>expert</u> witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| Passed | Parties shall furnish opposing counsel with a written report from each expert intended to be called at trial. Within the 21-day period following service of each expert's written report, the parties shall make their experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| Passed | **All initial expert discovery must be completed.** |
| Passed | If a party elected to use experts and disclosed them, then the opposing party shall furnish a written list containing the names and addresses of any rebuttal expert witnesses intended to be called at trial. |
| Passed | A party using any rebuttal expert witnesses shall furnish opposing counsel with a written report from each rebuttal expert intended to be called at trial. Within the 14-day period following service of each expert's report, the party shall make its experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| Passed | **All rebuttal-expert discovery must be completed.** |
| <u>Note:</u> | Only those expert witnesses whose identities and reports have been timely disclosed according to the |

|  | deadlines established in this Order shall be permitted to testify at trial or have affidavits submitted in connection with motion practice. |
|---|---|
| 12/15/2022 | All *Daubert* motions and motions in limine must be filed.[2] Each party may file only **one** motion in limine. That motion may include several issues, but only one motion is permitted absent further court order. That means the motion (with incorporated memorandum of law) may not exceed 20 pages, absent leave of Court, regardless of how many topics are raised in the in limine motion.[3] |
| 1/15/2023 | All responses to *Daubert* motions and motions in limine must be filed.[4] |

---

[2]     The deadline for filing summary judgment motions has passed and the parties did not request a new summary judgment motions deadline. Therefore, this Scheduling Order does not include a summary judgment motions deadline.

[3]     Counsel must comply with Local Rule 7.1 and confer with opposing counsel before filing in limine motions. There is no need to file a motion in limine on a topic on which the opposing party agrees, such as a motion in limine to prohibit Plaintiff's counsel from mentioning the wealth of the defendant, a motion in limine to prohibit a "send-a-message" closing argument in a case not involving punitive damages, or a motion in limine to prohibit defense counsel from suggesting that insurance premiums might increase in the state if a large damages verdict were to be returned in plaintiff's favor. These illustrative motions all involve issues on which most lawyers would agree most of the time. Thus, in the absence of an attorney taking an atypical position that the usually-prohibited topics are for some reason permitted in this specific case, a Local Rule 7.1 conferral will establish that a motion in limine to prohibit what no one is seeking to do is unnecessary.

[4]     The response and reply deadlines for summary judgment motions in the timetable assume that a party files a motion for summary judgment on the dispositive motion deadline. However, the parties are encouraged to file dispositive motions earlier and, in the event that a party files a motion for summary judgment or other dispositive motion before the timetable deadline and the Local Rules provide for earlier response and reply dates, then the earlier deadlines shall apply.

| | |
|---|---|
| 1/25/2023 | All replies to *Daubert* motions and motions in limine must be filed. <u>If the moving party does not intend to file a reply, then they shall promptly notify chambers when the response is filed.</u> |
| 4/14/2023 | Any party wishing to use a deposition as substantive evidence must so designate by line and page reference those portions in writing and the designations must be served on opposing counsel. |
| 4/24/2023 | The adverse party on whom depositions have been served to use as substantive evidence must file any objections to the designations, including "any other part which ought in fairness to be considered with the part introduced." Fed. R. Civ. P. 32(a)(4). |
| 5/5/2023 | Joint Pretrial Stipulation must be filed. Failure to file a Joint Pretrial Stipulation on or before this day shall be grounds for dismissal. |
| 5/11/2023 | Proposed jury instructions and verdict form must be filed. Failure to timely file jury instructions and verdict forms as directed above shall be grounds for sanctions, including dismissal. |

9.     If the case is settled, then counsel are directed to inform the Court promptly at (305) 523-5720 and to file a notice of settlement within two days of calling chambers on CM/ECF. A stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1) must be filed on CM/ECF within 15 days of filing the notice of settlement.

10.     The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with

the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. **This Order does not alter the parties' obligations to meet and make initial disclosures under Fed. R. Civ. P. 26. The parties need not, however, file any proposed scheduling orders under Fed. R. Civ. P. 16.**

11.     **Mediation Requirement**. By no later than **Friday, February 17, 2023**, the parties shall select a mediator certified under Local Rule 16.2(b), shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation. If the parties cannot agree on a mediator, then they shall notify the clerk in writing as soon as possible and the clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation by **Friday, March 31, 2023**.[5]

a.     All discussions made at the mediation conference shall be confidential and privileged.

b.     The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(7), or as agreed to in writing by

---

[5]     In order to provide the Court with sufficient time to rule on any *Daubert* motions and motions in limine, the parties will schedule their mediation no earlier than six weeks after the final reply brief is filed on CM/ECF.

the parties and the mediator. The parties shall equally share the cost of mediation unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 30 days of the date of the bill. The parties shall notify the mediator of cancellation two full business days in advance. Failure to do so will result in the imposition of a one hour fee.

      c.    **Within five days** following mediation, the mediator shall file a Mediation Report indicating whether the parties were present and/or recommending sanctions for non-attendance. The Report shall also state whether the case settled (in full or in part), whether mediation was continued with the parties' consent, or whether the mediator declared an impasse.

      d.    If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

12.    The parties shall follow the attached discovery procedures.

13.    A Notice of Scheduling Conflict shall include a statement detailing the dates and the cases that were scheduled for trial. Under existing policies and agreements between the state and federal courts of Florida, the judge who enters the first written order scheduling a case for trial on a date set has priority over the service of the attorney for the date set. *See Krasnow v. Navarro*, 909 F.2d 451 (11th Cir. 1990).

It shall be the duty of the attorneys herein to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel

receives written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial schedule, then it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel conflict free for this case.

14.   **Under-seal filings and the public access presumption**

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (internal quotation omitted). "Material filed in connection with any substantive pretrial motion . . . is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted).

Substantive pretrial motions require a showing of good cause to overcome the presumption of public access. *See id.*; *Schojan v. Papa Johns Int'l, Inc.*, No. 8:14-cv-1218-T-33MAP, 2014 WL 4674340, at *12 (M.D. Fla. Sept. 18, 2014) (denying motion to seal motion

for class certification despite the plaintiff's assertions the motions and exhibits were subject to a confidentiality agreement). Likewise, any exhibits filed for consideration with a substantive motion are presumptively public. *See AbbVie*, 713 F.3d at 63 (finding that if a complaint is a judicial record, then it follows that the attached exhibits must also be treated as judicial records).

The Court understands that some substantive motions and exhibits may sometimes contain confidential information that is inappropriate for public disclosure. But such information is not a reason to seal the motion or exhibits entirely, while submitting to the Court only the un-redacted versions. **Thus, parties shall file their substantive motions and supporting exhibits on the public docket, redacting confidential information as identified by both parties and non-parties. No completely sealed filings are permitted.** The parties are advised the Court will not enter an order on a substantive motion filed completely under seal. Any party submitting a motion or memorandum of law on a substantive matter involving confidential information worthy of under-seal status shall file two versions of the submission: a redacted one (filed on the public docket) and a sealed version (accompanied by a motion to seal, also filed on CM/ECF).

Parties should be cautious and conservative about designating material as deserving of under-seal treatment in their redacted submissions, and the Undersigned may unseal some or all of the redacted portions if I determine that under-seal status is

inappropriate. The mere fact that a party prefers that certain information not be publicly disclosed in connection with a substantive motion (e.g., it could be embarrassing or might portray the party in an unflattering way) does not mean that under-seal status is justified. Instead, there must be good cause, such as the existence of a bona fide trade secret or genuinely proprietary business information.

15.     In addition to the Local Rules, any submission by any party must be <u>double-spaced</u>, and for every 5 pages provided for in the Local Rules the parties shall have an additional page (e.g., a 10-page motion may be 12 pages, a 20-page motion may be 24 pages).

**DONE and ORDERED** in Chambers, in Miami, Florida, on October 6, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
All Counsel of Record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:20-cv- 23391-GOODMAN**
**[CONSENT CASE]**

ADT LLC and THE ADT
SECURITY CORPORATION,

      Plaintiffs,

v.

VIVINT SMART HOME, INC. f/k/a
Mosaic Acquisition Corp. and
LEGACY VIVINT SMART HOME, INC.
f/k/a Vivint Smart Home, Inc.,

      Defendants.

_____/

**MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES ORDER**

    The following discovery procedures apply to all civil cases in which discovery is

referred to United States Magistrate Judge Jonathan Goodman and where Judge

Goodman is presiding over a case with full consent.

**OVERALL STATEMENT**

    The Court designed these procedures to help the Parties and the Court work

**together** to timely resolve discovery disputes without undue delay and unnecessary

expense. The procedures are designed to (1) promote the timely internal resolution of

discovery disputes by the parties themselves so that they have no need to seek judicial

intervention, (2) help the parties obtain timely rulings to the extent they cannot on their own resolve their discovery disputes, (3) streamline the process of resolving discovery disputes by eliminating unnecessary motion practice, and (4) assist the Court by prohibiting the submission of motions and memoranda which are unnecessary, overly long or both.

## MEET AND CONFER

Counsel **must** confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing a notice of a discovery hearing. In other words, there must be **an actual conversation** before a discovery hearing notice is filed. If counsel refuses to participate in a conversation, then the party seeking to a discovery hearing shall so state in the required certificate of conference and outline the efforts made to have a conversation.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery hearing notice.

## DISCOVERY CALENDAR AND NO DISCOVERY MOTIONS

**No written discovery motions**, including motions to compel, for protective order, or related motions for sanctions shall be filed unless specifically authorized by the Court.[6] Similarly, the parties may not submit legal memoranda concerning a discovery hearing unless the Undersigned specifically authorizes it. This procedure is intended to minimize the need for discovery motions. The Court will strike any unauthorized discovery motions and memoranda.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, then the Court holds a regular discovery calendar every Friday afternoon. The party seeking the discovery hearing shall contact Chambers at (305) 523-5720 to place the matter on the next available discovery calendar.  That party will be provided with available dates and will then confer with opposing counsel and confirm his or her availability for the discovery calendar. Once opposing counsel has confirmed availability, the party seeking the hearing will contact Chambers again to finalize the hearing date. [**NOTE**: The longer a party waits to contact Chambers to follow through after being provided with available times, the more likely it is that the hearing date will

---

[6]      Nevertheless, if the parties wish to submit an **agreed-upon** discovery order, such as a standard confidentiality-type of protective order, then they shall (1) file a Notice of Proposed Stipulated Order with the proposed order attached to the notice and (2) submit a Word-version courtesy copy to the Undersigned's CM/ECF mailbox (goodman@flsd.uscourts.gov). This Order does not prohibit that submission because there is not a discovery *dispute*; instead, there is an *agreement* about a discovery issue.

no longer be available. Therefore, the Court encourages parties seeking discovery hearings to follow through on a timely basis and confirm the hearing date.].

On the same day that Chambers confirms that the matter is being placed on the discovery calendar, the party seeking the discovery hearing shall provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system.  The Notice of Hearing shall **briefly** and **succinctly** identify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4-7, and 10" or "The Parties disagree about whether Defendant produced an adequate 30(b)(6) witness on the topics listed in the notice.") Ordinarily, no more than twenty (20) minutes per side will be permitted. **The party scheduling the hearing shall include in this Notice of Hearing a certificate of good faith that complies with Southern District of Florida Local Rule 7.1(a)(3).**  The Court will strike hearing notices which do not include a sufficient local rule certificate.

The party who scheduled the discovery hearing shall provide the Court a copy of all *source* materials relevant to the discovery dispute, via hand-delivery or through a document that is emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) on the date that the Notice of Hearing is filed.  (For example, if the dispute concerns interrogatories, then the interrogatories at issue and the responses thereto, shall be provided.) Source material is the actual discovery at issue.  Source material is **not**

memoranda or letters to the Court which are, for all intents and purposes, a mini-brief. The opposing party may submit additional source material to the CM/ECF mailbox, as well.

Neither the Notice of Hearing nor the source materials should be used as a *de facto* strategy to submit a memorandum. For example, sending multi-page, rhetoric-filled letters to the Court or filing argument-riddled notices are **specifically prohibited**. The Court will strike letters, notices, and exhibits which are designed to circumvent the no motion/no memoranda policy.

If one or more of the parties believe in good faith that the discovery dispute is not a routine, garden-variety dispute and needs specialized attention, then the parties may include a to-the-point, no-more-than-one-paragraph explanation in the Notice of Hearing, to flag the specific issues. In addition, the parties may submit a "notice of authorities," which will list only the authorities, but which will <u>not</u> contain argument or be a disguised memorandum. At most, the list of authorities may contain a one-sentence, objective summary of the relevant holding of each case or authority. The Court will strike any non-compliant notice of authorities.

For those discovery disputes which are particularly complex (and there are not many of those) and which a party believes will require briefing, a motion for leave to file a discovery motion or memoranda may be filed. The motion should <u>briefly</u> explain the extraordinary need, but the actual discovery motion or memorandum should not be

attached or filed unless the Court grants the motion seeking leave. The Court anticipates that the need for motions and/or memoranda will arise only **rarely.**

The following topics are illustrations of discovery disputes which are usually **not** rare enough to bypass the standard no-motion policy and therefore would not ordinarily justify a motion for leave to file a discovery motion in a specific case absent extraordinary circumstances: (1) whether a party may take more than 10 depositions in the absence of consent; (2) whether a deposition may last more than 7 hours; (3) how a seven-hour deposition is allocated among the parties; (4) whether a 30(b)(6) witness was prepared to provide binding testimony on all the topics listed in the notice; (5) whether a noticed deposition is an "apex" deposition, and, if so, whether it will be permitted; (6) whether a party needs to arrange for a treating doctor to provide an expert witness report or if the party needs to make other written disclosures if the physician is expected to testify about the cause of an injury; (7) squabbles over the location of a deposition; (8) whether an attorney improperly instructed a deponent to not answer certain questions; (9) whether an attorney was improperly coaching a deponent; (10) whether a party or attorney may pay any money to a deponent or trial witness other than a standard witness fee, and, if so, under what circumstances and in what amounts; (11) whether a party may take "early" discovery; (12) whether a party exceeded the number of permissible interrogatories (and how should the sub-parts be counted); (13) whether an interrogatory answer is adequate or whether better answers are required; and (14) whether a party engaged in a

strategically unfair "document dump" which makes it difficult for a party to know which documents are responsive to a request. These are all *routine* discovery disputes which require the submission of only the Notice of Hearing, source material and, at <u>most</u>, an argument-free list of authorities.

The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.

These procedures do not relieve parties from the requirements of any Federal Rules of Civil Procedure or Local Rules, except as noted above.

<u>**PRE-HEARING DISCUSSIONS**</u>

**The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute.** To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should **contact Chambers** as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel shall also timely **contact Chambers** and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters no longer in dispute).

## RULE 30(b)(6) DEPOSITIONS

The party seeking to take the deposition shall include only a reasonable number of topics to be covered in a 7-hour deposition. Listing 40 or 50 (or more topics) is presumptively unreasonable. If the corporation or entity has any objections to the topics listed in the Rule 30(b)(6) notice, then its counsel shall first confer and try to resolve the dispute. But, if a complete resolution is not reached, then the party seeking to take the deposition shall notice the dispute for a hearing before the Undersigned (following the same procedures outlined above) and obtain a ruling on the disputed topics *before* the Rule 30(b)(6) deposition occurs.

Counsel for the corporation or entity is not *required* to identify the designee or designees before the deposition begins, but he or she is certainly free to volunteer the information as a courtesy.

It is permissible for a party to take the deposition of a person in his/her representative capacity as a corporate designee and also take a separate deposition of that person in his/her role as a fact witness. The attorney scheduling the depositions has the discretion to determine the order in which the two depositions occur. The attorney taking the depositions may take the fact witness deposition and the Rule 30(b)(6) deposition at the same time but shall clearly announce on the record when the deposition is changing into a different type of deposition.

## EXPENSES, INCLUDING ATTORNEY'S FEES

The Court reminds the parties and counsel that Federal Rule of Civil Procedure 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

## NO BOILERPLATE DISCOVERY OBJECTIONS

### "Vague, Overly Broad and Unduly Burdensome"

Parties shall not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides that, "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court will disregard such objections. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) (the ground for objecting to an interrogatory "must be stated with specificity"); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Testimony or evidence may be necessary to show that a particular request is in fact burdensome.

**"Irrelevant or Not Reasonably Calculated to Lead to Admissible Evidence"**

An objection that a discovery request is irrelevant or "not reasonably calculated to lead to admissible evidence" is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). The current version defines the scope of discovery as being "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" -- and then lists several factors to analyze. The Court reminds the parties that the Federal Rules provide that information within this scope of discovery "need not be admissible in evidence" to be discoverable. *See* Fed. R. Civ. P. 26(b)(1); S. D. Fla. L. R. 26.1(g)(3)(A); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

**No Formulaic Objections**

Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the responding party fully answered. Moreover, the Federal Rules of Civil Procedure now specifically prohibit that practice (which was

deemed inappropriate by many judges and commentators). For example, Federal Rule of Civil Procedure 34(b)(2)(C) now provides that an objection to a request for documents "must state whether any responsive materials are being withheld on the basis of that objection." In addition, it also says that "an objection to part of a request must specify the part and permit inspection of the rest." Therefore, counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been **withheld** on an objection-by-objection basis</u>.

### Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or the work product doctrine also do not comply with the Local Rules. S. D. Fla. L. R. 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. Parties must review this Local Rule carefully, and refrain from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege." The Local Rule also requires the preparation of a privilege log except for "communications between a party and its counsel after

commencement of the action and work product material created after commencement of

the action."

      **DONE AND ORDERED** in Chambers, in Miami, Florida, on October 6, 2022.


Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


**Copies furnished to**:
All Counsel of Record