# EXHIBIT P

**(Settlement Agreement and Mutual Release)**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into between plaintiffs ADT LLC and ADT US Holdings, Inc. (collectively "ADT" or "Plaintiffs") and Vivint, Inc. ("Vivint" or "Defendant"), collectively, the "Parties." All of the Parties have legal capacity to enter into this Agreement and intend to be legally bound.

### I. RECITALS

WHEREAS, on April 4, 2017, ADT filed a Complaint against Vivint in the United States District Court, Southern District of Florida, Case No. 9:17-cv-80432-DMM (the "Action");

WHEREAS, ADT and Vivint desire to fully and finally resolve the Action and any claims or potential claims between them, known or unknown, arising on or prior to the date of this Agreement;

WHEREAS, Vivint does not admit, and expressly denies, any violation of any federal, state, or local statute (including, but not limited to, the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act), as well as any alleged violations of ADT's rights under common law, and other wrongdoing or liability whatsoever;

WHEREAS, the Parties agree and acknowledge that this Agreement is the result of a compromise and shall never be construed as an admission of any liability, wrongdoing, or responsibility on the part of any of the Released Parties (as defined below);

WHEREAS, the Parties have agreed that this Agreement is made in full settlement of all claims made, or which could have been made; and

NOW THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement, and to avoid further and protracted litigation, it is hereby agreed among the Parties as follows:

### II. DISPOSITION OF ALL CLAIMS

A. <u>The Settlement Terms</u>

The Parties agree to the following:

1. On or about January 5, 2018, Vivint shall pay ten million dollars ($10M) plus any accrued simple interest based upon an annualized interest rate of LIBOR (as of December 13, 2017) plus ten (10) basis points (= 2.13856%) calculated from and including the date of December 14, 2017 to but excluding the date of payment and receipt to ADT (the "Settlement Payment"), such payment to be made to ADT by bank wire transfer to the following account:

Bank :          BNY Mellon

```
Address:          500 Ross Street, Pittsburgh, PA,  15262 USA
SWIFT code:       MELNUS3P
ABA:              043-000-261
Account number:   132-3080
Account name:     ADT  LLC
```

2. Within two (2) business days after receipt of the Settlement Payment, the Parties will file in this Action a joint stipulation for dismissal *with prejudice*, dismissing all claims against Vivint in the Action *with prejudice*, and a proposed order thereon, in the form attached hereto as **Composite Exhibit A.**

3. The Parties expressly recognize that this Agreement shall not in any way be construed as an admission by any Party hereto of any unlawful or wrongful acts whatsoever with respect to the others.

4. The Parties agree to the mutual releases contained in this Agreement.

B.  Mutual Releases of Claims.

1. ADT and its officers, directors, representatives, agents, affiliates, subsidiaries, corporate parents, and successors (collectively, the "ADT Released Parties") irrevocably and unconditionally release and forever discharge from any and all causes of action, claims, actions, rights, judgments, obligations, damages, demands, accountings or liabilities of whatever kind or character, which the ADT Released Parties may have against Vivint, ARM, Smart Home Pro, and their officers, directors, representatives, agents, affiliates, subsidiaries, corporate parents, and successors (collectively, the "Vivint Released Parties"), whether known or unknown, occurring from the beginning of time through the date of the execution of this Agreement, including, but not limited to, those claims set forth or arising out of, touching upon or concerning the Action, including but not limited to ADT's claims of deceptive sales practices, excluding only those obligations owing under this Agreement.

2. ADT, itself, represents and warrants that it has not and will not, on or before execution of this Agreement, assign or subrogate any of its rights, claims and causes of action relating to the Action, including any claims referenced in this Agreement, or authorize any other person or entity to assert such claim or claims on its behalf, and it agrees to indemnify and hold harmless Vivint against any assignment of said rights, claims and/or causes of action.

3. The Vivint Released Parties irrevocably and unconditionally release and forever discharge the ADT Released Parties from any and all causes of action, claims, actions, rights, judgments, obligations, damages, demands, accountings or liabilities of whatever kind or character, which they may have against the ADT Released Parties whether known or unknown, occurring from the beginning of time through the execution of this Agreement, including, but not limited to, those claims set forth or arising out of, touching upon or concerning in the Action, including but not limited to ADT's claims of deceptive sales practices, excluding only those obligations owing under this Agreement.

4. Vivint, itself, represents and warrants that it has not and will not, on or before execution of this Agreement, assign or subrogate any of its rights, claims and causes of action relating to the Action, including any claims referenced in this Agreement, or authorize any other person or entity to assert such claim or claims on its behalf, and it agrees to indemnify and hold harmless ADT against any assignment of said rights, claims and/or causes of action.

5. <u>Warranties</u>. The Parties specifically represent that they have no pending complaints or charges relating to the Action and the claims contained therein against the ADT Released Parties or Vivint Released Parties with any state or federal court or any local, state or federal agency, before any arbitration panel (or single arbitrator), or in any other country based on any events occurring prior to the date of execution of this Agreement relating to the Action or the claims contained therein, including but not limited to ADT's claims of deceptive sales practices.

6. <u>Agreement Not to Seek Future Relief.</u> The ADT Released Parties agree, covenant, and acknowledge that they will not, at any time in the future seek relief (including, but not limited to, monetary damages, injunctive relief, attorneys' fees, experts' fees, fees, paralegals' fees, litigation expenses, and costs) against the Vivint Released Parties for any claim released by this Agreement (including, but not limited to: any claim arising prior to the execution of this Agreement through the date of the Settlement Payment for alleged violations of the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act, common law, and all state or local laws, rules and regulations, or any regulations and rules promulgated thereunder, or any similar law pertaining to deceptive sales practices). It is expressly agreed that this provision shall not apply to or bar claims of breach of this Agreement.

7. <u>Destruction of Documents Produced in Discovery</u>. Each Party and its counsel have received documents from the other Party as well as from third parties in through discovery in this Action. Within thirty 30 days of the Effective Date of this Agreement, each Party and its counsel shall destroy all documents, in whatever format in which they are stored, produced to them by the other Party and by any third parties in this Action and provide the other Party written notice that the destruction has been complete.

8. <u>Notice under this Agreement shall be made as follows</u>:

**Notice to ADT:**
ADT LLC
1501 Yamato Road
Boca Raton, FL 33431
Attn: Senior Vice President & Chief Legal Officer

With a copy to:

Charles C. Eblen
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108

**Notice to Vivint:**

**Legal Department**
Vivint.SmartHome
4931 North 300 West
Provo, Utah 84604
801.705.8054

**Matthew A. Steward**
Clyde Snow
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, Utah 84111
801.322.2516
mas@clydesnow.com

## III.   GENERAL PROVISIONS

    A.   <u>Effective Date</u>.  This Agreement shall become effective on the date the last signatory signs the Agreement.

    B.   <u>Costs and Fees</u>.  The Parties shall bear their own costs and attorneys' fees with respect to the Action, including all costs and attorneys' fees incurred in connection with, or in any way related to, the negotiation or consummation of this Agreement.

    C.   <u>Knowing and Voluntary</u>.  The Parties acknowledge and represent that they have carefully read and fully understand all of the provisions of this Agreement, and the terms and conditions set forth in this Agreement.  The Parties further acknowledge and represent that they entered into this Agreement freely, knowingly and without coercion.  ADT and Vivint, collectively and each individually, acknowledge and agree that they each have either: (i) been represented by counsel or (ii) have had a full and fair opportunity to consult with counsel of their choice in connection with this Agreement.

    D.   <u>Different or Additional Facts</u>.  The Parties acknowledge and agree that they may later discover facts different from or in addition to those they now know or believe to be true in entering into this Agreement.  The Parties agree to assume the risk of the possible discovery of additional or different facts, including facts which may have been concealed or hidden, and agree that this Agreement shall remain effective regardless of such additional or different facts.

E. **Ambiguities.** It is agreed and understood that the general rule that ambiguities are to be construed against the drafter shall not apply to this Agreement. In the event that any language of this Agreement is found to be ambiguous, each Party shall have an opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language.

F. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. A facsimile signature and an email signature will have the same force and effect as an original signature.

G. **Waiver.** Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement. No waiver of any provisions of this Agreement shall be valid unless in writing and signed by the party against whom charged.

H. **Amendments or Modifications.** Any amendment or modification of this Agreement must be in writing and signed by the Parties hereto.

I. **Severability.** If any provision of this Agreement is deemed to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining provisions shall not be affected.

J. **Enforcement.** In the event any dispute, controversy or claim arises out of or in connection with this Agreement or the claims released in this Agreement, the prevailing party shall be entitled to all reasonable attorneys' fees, costs, and expenses.

K. **Authority to Bind/Enter into Agreement.** Each person executing this Agreement on each Party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of the Agreement.

L. **Entire Agreement.** This Agreement contains all of the terms and conditions agreed upon by the Parties regarding the subject matter of this Agreement. Any other prior agreements, promises, negotiations or representations, either oral or written, relating to the subject matter of this Agreement are of no force or effect. This Agreement is executed without reliance upon any representation by any person concerning the nature or extent of injuries, damages or legal liability.

M. **Further Assurances.** ADT and Vivint, both individually and collectively, agree to execute and deliver to each other all such other documents and take such further actions as may reasonably be requested for the purpose of carrying out the intent of this Agreement.

[SIGNATURES ON FOLLOWING PAGE]

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT. THE SIGNATORIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT, AND TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS AGREEMENT. THE SIGNATORIES ARE SIGNING THIS AGREEMENT VOLUNTARILY.

IN WITNESS WHEREOF, the Parties have executed this Agreement, and the Agreement is effective as of the last signatory date set forth below.

Dated: DEC. 20, 2017

BY: P. Gray Finney
As authorized representative of
ADT LLC

Dated: DEC. 20, 2017

BY: P. Gray Finney
As authorized representative of
ADT US Holdings, Inc.

Dated: 12/20/2017

BY: Nathan Wilcox
As authorized representative of
Vivint, Inc.

## COMPOSITE EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 9:17-cv-80432-Middlebrooks

ADT LLC and ADT US HOLDINGS, INC.,

    Plaintiffs,

v.

VIVINT, INC.,

    Defendant.

_____/

### JOINT STIPULATION FOR DISMISSAL *WITH PREJUDICE*

Plaintiffs ADT LLC and ADT US Holdings, Inc. ("Plaintiffs"), and Defendant Vivint, Inc. ("Defendant") (Plaintiffs and Defendant are collectively, the "Parties"), by and through their respective undersigned attorneys, and pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, hereby stipulate to a dismissal of all of Plaintiffs' claims in the action *with prejudice*. A resolution of all matters in dispute among all Parties in this action has been made pursuant to a Settlement Agreement and Mutual Release (the "Agreement"). The Parties shall bear their own attorneys' fees, costs, and expenses, except as otherwise specified in the Agreement. All Parties consent to the form and content of this Joint Stipulation and Order of Dismissal.

Respectfully submitted,

| | |
|---|---|
| /s/ Charles C. Eblen | /s/ Lawrence D. Silverman |
| Charles C. Eblen (admitted *pro hac vice*) | Lawrence D. Silverman (FBN 7160) |
| Jason R. Scott (admitted *pro hac vice*) | Email: lawrence.silverman@akerman.com |
| **Shook, Hardy & Bacon, LLP** | Sandra J. Millor (FBN 13742) |
| 2555 Grand Boulevard | Email: sandra.millor@akerman.com |
| Kansas City, MO 64108 | **AKERMAN LLP** |
| Tel: (816) 474-6550 | Three Brickell City Centre |
| Email: ceblen@shb.com | 98 Southeast Seventh Street, Suite 1100 |
| Email: jscott@shb.com | Miami, Florida 33131 |
| | Phone: (305) 374-5600 |
| -and- | Fax: (305) 374-5095 |
| | |
| Richard G. Sander (admitted *pro hac vice*) | -and- |

{01268665-1} *Settlement Agreement and Mutual Release*
Page 7 of 10

S. Kirk Ingebretsen (admitted *pro hac vice*)
Daniel E. Rohner (admitted *pro hac vice*)
Eric J. Hobbs (admitted *pro hac vice*)
**Shook, Hardy & Bacon LLP**
1660 17th Street, Suite 450
Denver, Colorado 80202
Tel: (303) 285-5300
Email: rsander@shb.com
Email: kingebretsen@shb.com
Email: drohner@shb.com
Email: ehobbs@shb.com

-and-

C. Sanders McNew
**McNew P.A.**
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
Tel: (561) 299-0257
Fax: (561) 299-3705
Email: mcnew@mcnew.net

**Counsel for Plaintiffs**
**ADT LLC and ADT US Holdings, Inc.**

David S. Wood (FBN 289515)
Email: david.wood@akerman.com
Carrie Ann Wozniak (FBN 012666)
Email: carrieann.wozniak@akerman.com
**AKERMAN LLP**
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610

-and-

Ashley A. Sawyer (FBN 0012131)
E-mail: ashley.sawyer@akerman.com
**AKERMAN LLP**
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, Florida 33301
Phone: (954) 463-2700
Fax: (954) 463-2224

-and-

E. Dylan Rivers (FBN 0669555)
Email: drivers@ausley.com
Martin B. Sipple (FBN 0135399)
Email: msipple@ausley.com
Anthony L. Bajoczky, Jr. (FBN 96631)
Email: tbajoczky@ausley.com
Pamela C. Marsh (FBN 0057400)
Email: pmarsh@ausley.com
**AUSLEY MCMULLEN**
Post Office Box 391
123 South Calhoun Street (32301)
Tallahassee, FL 32302
Phone: (850) 224-9115
Fax: (850) 222-7560

-and-

Matthew A. Steward (*admitted pro hac vice*)
Email: mas@clydesnow.com
Timothy R. Pack (admitted *pro hac vice*)
Email: trp@clydesnow.com
**CLYDE SNOW**
201 South Main Street, Suite 1300

Salt Lake City, Utah 84111
Phone: (801) 322-2516
Fax: (801) 521-6280

*Counsel for Defendant Vivint, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of _____, 2017, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send an electronic notice to all counsel of record.

/s/*Lawrence D. Silverman*
Lawrence D. Silverman

**SERVICE LIST**

C. Sanders McNew
**McNew P.A.**
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
Tel: (561) 299-0257
Fax: (561) 299-3705
Email: mcnew@mcnew.net

Richard G. Sander (admitted *pro hac vice*)
S. Kirk Ingebretsen (admitted *pro hac vice*)
Daniel E. Rohner (admitted *pro hac vice*)
Eric J. Hobbs (admitted *pro hac vice*)
**Shook, Hardy & Bacon LLP**
1660 17th Street, Suite 450
Denver, Colorado 80202
Tel: (303) 285-5300
Email: rsander@shb.com
Email: kingebretsen@shb.com
Email: drohner@shb.com
Email: ehobbs@shb.com

Charles C. Eblen (admitted *pro hac vice*)
Jason R. Scott (admitted *pro hac vice*)
**Shook, Hardy & Bacon, LLP**
2555 Grand Boulevard
Kansas City, MO 64108

Tel: (816) 474-6550
Email: ceblen@shb.com
Email: jscott@shb.com

**COMPOSITE EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 9:17-cv-80432-Middlebrooks

ADT LLC and ADT US HOLDINGS, INC.,

    Plaintiffs,

    v.

VIVINT, INC.,

    Defendant.

_____/

**ORDER OF DISMISSAL *WITH PREJUDICE***

**THIS CAUSE** came before the Court on the Plaintiffs ADT LLC and ADT US Holdings, Inc. ("Plaintiffs") and Defendant Vivint, Inc. ("Defendant") (collectively, the "Parties") Joint Stipulation of Dismissal *with Prejudice*, and the Court, having considered same, having reviewed the file, and being otherwise advised in the premises, hereby **ORDERS AND ADJUDGES**:

1.     The above-styled action is hereby **DISMISSED *WITH PREJUDICE***;
2.     The Clerk shall deny any pending motions as moot; and
3.     Each party shall bear its own attorneys' fees, expert fees, paralegals' fees, and costs, except as otherwise provided in the Parties' Settlement Agreement and Mutual Release.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this _____ day of _____ 2018.

                                                                          DONALD M. MIDDLEBROOKS
                                                                          UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of Record