UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-cv-23391-GOODMAN

**[CONSENT]**

ADT LLC, et al.,

    Plaintiffs,

v.

VIVINT SMART HOME, INC., et al.,

    Defendants.

_____/

**ORDER ON DEFENDANTS' UNOPPOSED
MOTION TO FILE DOCUMENTS UNDER SEAL**

Defendants Vivint Smart Home, Inc. f/k/a Mosaic Acquisition Corp., and Legacy Vivint Smart Home, Inc. f/k/a Vivint Smart Home, Inc. (collectively, "Vivint" or "Defendants") seek leave of court to file documents that Plaintiff ADT LLC ("ADT" or "Plaintiff") has designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Documents to be Sealed") in connection with Defendant's motion *in limine* and *Daubert* motions. [ECF No. 113].

"Judicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice. This Circuit has been resolute in our enforcement of

that presumption of public access." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358-59 (11th Cir. 2021); *see also Gerdau Ameristeel US Inc. v. Zurich Am. Ins. Co.*, No. 20-82217, 2021 WL 7693671, at *1 (S.D. Fla. May 25, 2021) ("The general public possesses a common-law right to access judicial records, and judicial records are presumed to be public documents." (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001))).

The Local Rules for the Southern District of Florida recognize this strong presumption in favor of public access to court records. *See* S.D. Fla. L.R. 5.4(a) ("Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."). It is well-settled "policy that Court filings are public[.]" *Id.* at 5.4(b)(1). A party seeking to file documents under seal in a civil case must provide the factual and legal basis for the sealed filing. *Id.* at 5.4(b)(3).

Here, the Documents to be Sealed include, among other things, customer information and confidential and other proprietary information. The Court will **grant in part and deny in part** Vivint's motion as follows:

Vivint is permitted to file the Documents to be Sealed under seal. However, ADT, which is the party who designated the documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the first place, must file *redacted* versions of all the exhibits filed under seal, redacting only those portions which are confidential. For example, for the

transcripts of calls between ADT and its customers, the transcripts themselves -- reflecting the substance of the conversations -- will need to be publicly filed on CM/ECF (but the customer's names, residential addresses and specifics concerning the home security systems and accounts shall be redacted).

Also, *entire* documents should not be hidden from the public merely because a small portion is worthy of under-seal treatment. Thus, to provide an illustration, it may well be that a 150-page deposition transcript contains (collectively) four pages of confidential information. That is not a reason to hide all 150 pages from the public. So ADT will need to file a redacted version of the deposition transcripts, redacting *only* those portions which are so sensitive and genuinely confidential that they absolutely must be kept secret from the public. The same holds true of expert reports.

ADT shall file redacted versions of the exhibits by January 9, 2023. ADT shall err on the side of public access when determining whether information should be publicly filed or filed in a redacted way. The mere fact that ADT *prefers* that certain information not be available to the public is not by itself a ground to justify under-seal status. Likewise, the mere fact that some information might be *embarrassing* to ADT would not by itself be a valid reason to keep information secret and to allow only the Court to have access to the information.

In order to make the Court's review of ADT's access-or-redacted decisions feasible for the Undersigned, ADT will by January 9, 2023 also file under seal only those portions

which have been redacted. This will enable the Court to quickly see if the material is worthy of redaction or if ADT made an ill-advised decision to classify something unworthy of sealing as confidential and in need of under-seal treatment.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 16, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record