**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 20-cv-23391- GOODMAN
[Consent Case]

ADT LLC; and The ADT Security
Corporation,

    Plaintiffs/Counterclaim Defendants,

        v.

Vivint Smart Home, Inc. f/k/a Mosaic
Acquisition Corp.; and Legacy Vivint Smart
Home, Inc. f/k/a Vivint Smart Home, Inc.,

    Defendants/Counterclaimants.

_____/

## ADT'S UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL

Plaintiffs ADT LLC and The ADT Security Corporation (collectively "ADT") respectfully move for leave to submit documents to the Court under seal, and in support state as follows:

1. On February 3, 2021, the Court entered a modified version of the Parties' Stipulated Protective Order (D.E. 31, the "Protective Order"). Pursuant to the Protective Order, the parties may designate documents as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, without written consent from the designating party or a court order, such documents may only be filed under seal pursuant to Local Rule 5.4 and the Court's Discovery Procedures Order (D.E. 8, pp. 10-15). (Protective Order ¶ 13.3.)

2. In support of its Oppositions to Defendants' Motion *in Limine* and *Daubert* Motions, ADT desires to file and use as exhibits a number of documents that Vivint has designated

"CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Documents to be Sealed").

3. Pursuant to Fed. R. Civ. P. 26(c)(1)(H), the Court may issue an order requiring the parties to file specified documents or information under seal to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moreover, any presumed right of access to court records may be overcome by a showing of good cause. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007). A showing of good cause requires balancing the asserted right of access against a party's interest in keeping the information confidential, and good cause is decided by the "nature and character of the information in question." *Id.* at 1246. In making this determination, the Court considers: "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Harte Hanks, Inc. v. Castaneda,* No. 19-CV-62134-AMC, 2020 U.S. Dist. LEXIS 219632, at *3 (S.D. Fla. Nov. 24, 2020).

4. To comply with the Protective Order, ADT seeks permission to seal the Documents to be Sealed and for this Court to require Vivint to file redacted versions of all the exhibits filed under seal, redacting only those portions which it deems confidential in a manner consistent with the Court's protocol set forth in its December 16, 2022 Order. (*See* D.E. 117.)

5. The Documents to be Sealed consist of the following documents designated by Vivint as "Confidential" or "Attorneys' Eyes Only" under the Protective order:

- Vivint spreadsheet collecting customer complaints [VIVINT00026660.01] **[Ex. A to ADT's Opp. To Vivint's MIL]** (filed in two parts due to size)

- Transcript of January 16, 2023 30(b)(6) deposition of Vivint [Kent Hansen] **[Ex. B to ADT's Opp. To Vivint's MIL]**

- Vivint's BBB Complaint Analysis dated June 2014 [VIVINT009794] **[Ex. K to ADT's Opp. To Vivint's MIL]**

- Deposition Transcript of Brian Buss dated September 7, 2022 **[Ex. G to ADT's Opp. To Vivint's MTE Dr. Winer]**

- Brian Buss Expert Report dated September 9, 2021 **[Ex. H to ADT's Opp. To Vivint's MTE Dr. Winer]**

6. ADT proposes that the seal last for the duration of this action. At the conclusion of this action, ADT proposes all copies of the Documents to be Sealed in the Court's possession be deleted or made public as the Court deems appropriate.

WHEREFORE, for the reasons set forth above, ADT respectfully requests leave to file under seal the Documents to be Sealed, in accordance with this Court's Local Rules and procedures, and the terms of the Protective Order. If requested by the Court, ADT will also deliver electronic and/or paper copies of the Documents to be Sealed to chambers.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on January 23 and 24, 2023, counsel conferred in good faith by email with counsel for Vivint regarding this motion, who stated that Vivint will not oppose the motion.

Dated: January 24, 2023                                Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*s/ Jennifer A. McLoone*
Jennifer A. McLoone
Florida Bar No. 029234
jmcloone@shb.com
201 S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
Tel: (305) 358-5171
Fax: (305) 358-7470

-and-

*s/ Charles C. Eblen*
Charles C. Eblen (*admitted pro hac vice*)
ceblen@shb.com
2555 Grand Blvd.
Kansas City, Missouri 64108
Tel: (816) 474-6550
Fax: (816) 421-5547

-and-

*s/ Eric J. Hobbs*
Eric J. Hobbs (*admitted pro hac vice*)
ehobbs@shb.com
Daniel E. Rohner (*admitted pro hac vice*)
drohner@shb.com
1660 17th Street, Suite 450
Denver, Colorado 80202
Tel: (303) 285-5300
Fax: (303) 285-5301

**Counsel for Plaintiffs/Counterclaim Defendants ADT LLC and The ADT Security Corporation**